UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  11-23324-CIV-MORENO

STEVEN PINKERT,

      Plaintiff,

vs.

JAMES  G.  SCHWADE,  SUSAN  NEFZGER,
SUSAN   NEFZGER   PR   AND   WEB
MARKETING  CO.,  LLC,  and  MORSE,  LLC,
d/b/a CYBERKNIFE CENTER OF MIAMI,

      Defendants.

_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record.  In light of the absence of any federal claims contained in Plaintiff's Second Amended Complaint **(D.E. No. 39)**, filed on **July 18, 2012**, this Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to continue exercising subject matter jurisdiction over Plaintiff's state law claims.  Accordingly, Plaintiff's remaining claims are hereby remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.

### I.  FACTUAL BACKGROUND

On August 15, 2011, Plaintiff Steven Pinkert brought this suit against Defendants James G. Schwade, Susan Nefzger, Susan Nefzger PR and Web Marketing Co., LLC, and Morse, LLC in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.  Pinkert subsequently filed an amended complaint on August 22, 2011.  In addition to a plethora of state law claims, this amended complaint contained federal claims under the Racketeer Influenced and

Corrupt Organizations ("RICO") Act.  Defendants  then removed the entire case to federal court under 28 U.S.C. § 1441(a) on September 14, 2011, citing the federal question presented by the federal RICO claims.  These federal claims also served as the basis for this Court to exercise supplemental jurisdiction over Pinkert's state law claims under 28 U.S.C. § 1367(a).

Defendants filed a motion to dismiss Pinkert's amended complaint for failure to state a claim on September 30, 2011.  This Court granted that motion on June 19, 2012, dismissing all of Pinkert's claims with leave to file an amended complaint.  In accordance with that order, Pinkert filed his second amended complaint on July 18, 2012.  However, Pinkert has failed to allege any federal claims this time around.  Rather, Pinkert's second amended complaint contains solely state law claims that include breach of an LLC operating agreement, breach of contract, violations of the Florida Civil Remedies for Criminal Practices Act, violation of a Florida accounting statute, conversion, tortious interference with a business and contractual relationship, common law fraud, and waste and misappropriation of corporate assets.

Defendants once again filed a motion to dismiss Pinkert's second amended complaint for failure to state a claim.  However, neither party has addressed the absence of the federal claims or the possibility of remand.

## II.  LEGAL STANDARD

District courts "are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)).  Though a district court has exercised supplemental jurisdiction over state law claims, the court may decline to continue exercising jurisdiction over those claims when it "has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3).  Thus, where "no basis for federal jurisdiction presently exists," the court may opt to remand the remaining state law claims to state court.  *See Garcia v. Cullen*, No. 6:12-cv-650-Orl-28DAB, 2012 U.S. Dist. LEXIS 76915, at *3 (M.D. Fla. May 14, 2012) (quoting *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005)).  However, in making this decision, the court must take into account "concerns of comity, judicial economy, convenience, fairness, and the like." *Id.* (quoting *Cook*, 402 F.3d at 1123).  The court may also consider "whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Lieu v. Sandy Sansing Cars, Inc.*, No. 3:07cv345/MCR/MD, 2007 U.S. Dist. LEXIS 89421, at *4 (N.D. Fla. Dec. 5, 2007) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004)).

### III. DISCUSSION

In the present case, concerns of comity weigh heavily in favor of remand.  Pinkert's second amended complaint consists entirely of state statutory and common law causes of action that would be more appropriate for a Florida court to resolve.

Additionally, judicial economy permits remand.  As courts in the Eleventh Circuit have noted, "remand is appropriate pursuant to § 1367 when a case is . . . in the earliest stages." *Garcia*, 2012 U.S. Dist. LEXIS 76915, at *4.  Here, the parties have yet to advance past the pleadings stage or engage in discovery.  Indeed, the parties' filings in this case have dealt almost entirely with the resolution of Defendants' motions to dismiss.

Nor would remand inconvenience the parties.  In addressing the matter of convenience, courts have looked to the location of the parties and the geographic burden of transferring courts.

*See, e.g., id.* at \*7 (granting remand where the state court was closer to the parties' location); *Lieu*, 2007 U.S. Dist. LEXIS 89421, at \*6 n.3 (weighing the convenience factor by noting that the federal and state courthouses were located one mile from one another). Due to this Court's physical proximity to the Eleventh Judicial Circuit, remanding the case to the state courthouse would not impose a hardship on the parties that is any greater than what they already bear by litigating in this Court.

Finally, the record does not suggest unfairness or manipulative tactics by the parties. In the context of the remand analysis, "[f]airness . . . is addressed more to the issue of forum shopping." *Lake Cnty. v. NRG/Recovery Grp., Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001). There is no indication here that Pinkert omitted his federal claims in an effort to procure a remand. Indeed, neither party has even raised the issue of remand. Consequently, this Court cannot conclude that Pinkert excluded his federal claims in an effort to engage in forum shopping.

## IV.  CONCLUSION

For the above reasons, it is

**ADJUDGED** that this case be remanded to the Circuit Court of the Eleventh Judicial

Circuit in and for Miami-Dade County

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of ~~August~~ September, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

Clerk of the Court for the 11th Judicial Circuit in and for Dade County, Florida